**Jesus REYES–ZARATE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71449.

BIA NO. A41–323–502.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Oct. 17, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER, District Judge.[1]

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

## MEMORANDUM[2]

Jesus Reyes–Zarate, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' dismissal of his appeal from an Immigration Judge's decision finding him deportable as charged and denying him relief from deportation under INA § 212(c), 8 U.S.C. § 1182(c). Reyes was found to be deportable under former INA § 241(a)(1)(E)(i), 8 U.S.C. § 1251(a)(1)(E)(i), as an alien who knowingly aided another alien to enter the United States in violation of law.

In enacting IIRIRA § 309(c)(4)(E), which is applicable to Reyes' appeal, *see Socop–Gonzalez v. I.N.S.,* 272 F.3d 1176, 1183 (9th Cir.2001), Congress withdrew this Court's jurisdiction to review discretionary decisions of the BIA under INA § 212(c). Accordingly, we may not reach Reyes argument that the BIA abused its discretion in failing to grant him relief from deportation under § 212(c).

The BIA's finding that Reyes was deportable was supported by substantial evidence. The Border Patrol officer's testimony was sufficient to establish the charge that Reyes was attempting to smuggle aliens. While Reyes raises a substantial argument that the IJ's credibility determination was based upon a mistranslation or misunderstanding of his answer in one key regard, given our deferential standard of review, we are compelled to find the record as a whole supports the finding of deportability.

Finally, there was no violation of Reyes' due process rights arising from his testifying at the IJ's hearing. Although counsel interposed an objection based on the fifth amendment, Reyes actually answered the questions put to him and never claimed the privilege against self incrimination. He also never argued this issue to the BIA. Accordingly, we find this issue has been waived.

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

